JOHN HOUCK, Appellant, v. JAMES CAROLAN, Respondent.

No. 2844; October 23, 1871.

**Pleading—Defective Pleadings—Procedure.**—When a defense apparently good in substance is defectively pleaded, the appropriate remedy is by demurrer; a motion for judgment on the pleadings is the appropriate remedy when the pleading is fatally defective in substance.

**Evidence.—Conversation Occurring Five or Six Years Before the Trial** and overheard by witnesses not interested in the subject are liable to have been misunderstood and inaccurately remembered. Such evidence is not to be depended upon.

**Evidence—Credibility of Witnesses.**—The Trial Court, having not only heard the witnesses testify but observed their manner while doing so, which is the safest criterion of credibility, should not have its functions usurped by the reviewing court.

**Evidence.—The Admission Below of Hearsay Testimony** cannot justify a reversal, where the admission could have in no way injured the party appealing.

**Evidence—Cumulative Testimony.—The Refusal to Permit the Introduction** of testimony on a point already established to the full by other testimony, and when there was no evidence at all to the contrary, is not error.

**Pleading—Failure of One Defendant to Verify Answer.**—That there is matter in the answer that vitally calls for verification, and the answer is not verified by some defendant concerned particularly in that matter, is no cause for judgment on the pleadings, if the answer would be good even were that matter stricken out, the defendant who did verify being conversant with the remaining matter.

APPEAL from Sixth Judicial District, Sacramento County.

Heard & McConnell and Beatty & Denson for appellant; Coffroth & Spaulding for respondent.

CROCKETT, J.—The plaintiff's motion for judgment on the pleadings was properly denied. The answer is, perhaps, not as full and explicit as it should have been, in respect to the consideration paid by Carolan for the property, and may have been demurrable on this ground; but it is, at most, only a defective plea of a good defense, to be taken advantage of

by demurrer, which would have afforded an opportunity for amendment if the demurrer had been sustained. When a defense, apparently good in substance, is defectively pleaded, the appropriate remedy is by demurrer, and not by a motion for judgment on the pleadings. The latter is the appropriate remedy when the pleading is fatally defective in substance.

Nor did the failure of the defendants, Swift and Huntoon, to verify the answer, furnish any reason why the motion should have prevailed as to them. If Carolan was a purchaser in good faith, for a valuable consideration, without notice of the fraudulent intent of Berger, he acquired a valid title which has vested in the other defendants; and he was certainly more competent than they to verify that portion of the defense which rested peculiarly within his own knowledge. The most that could in any event be claimed is that so much of the answer as sets up that Swift and the Huntoons were purchasers for value, in good faith, without notice, should be disregarded, because not verified by them. But if this portion of the answer was stricken out, they would still have a good defense, if the other facts alleged are true; and as to those, Carolan, who had a personal knowledge of them, was certainly competent to verify them. The motion for judgment on the pleadings was therefore properly denied as to all the defendants.

One of the grounds of the motion for new trial was that the evidence did not justify the decision and judgment of the court; and we are urged to reverse the judgment on this ground. But on the question of notice to Carolan of the fraudulent intent of Berger, which is the most material question in the case, there is a direct conflict in the evidence. This is not denied by counsel; but they insist that the weight of evidence is so overwhelmingly in favor of the plaintiff as to require us to depart from our general practice in refusing to disturb the judgment on this ground when there is a substantial contract in the evidence. But if we were inclined, in any case, to depart from a practice now so firmly established, we would not be justified in doing it in this case. The testimony for the plaintiff, on the question of notice, is not of a very satisfactory character, and consists chiefly of the proof, by several witnesses, of conversations alleged to have occurred on separate occasions between Berger and Carolan.

Conversations occurring five or six years before the trial, and overheard by witnesses, to whom they were not addressed, and who had no interest in the subject matter of them, are very liable to have been misunderstood, and to be inaccurately remembered. In addition to this, some of these witnesses did not present themselves in the most favorable light before the court; and it was the peculiar province of the court below to decide upon their credibility. On the other hand, portions of the testimony of Carolan appear to be in some degree improbable. The statement that he visited San Francisco almost every month for a year, without calling upon his father in law, with whom he was on friendly terms, and without even inquiring where his place of business was, or knowing that he was engaged in any business, would seem to be rather improbable. But the court which tried the cause had the opportunity to observe the manner and demeanor of these witnesses on the stand; and this is generally one of the safest criterions by which to test the credibility of a witness. Under these circumstances, we would not be justified in usurping the functions of a trial court, by pronouncing on the relative degrees of credence to which the witnesses were entitled; even though we were inclined, as we are not, to depart in any case from our usual practice.

At the trial, one Koster, a witness for the plaintiff, on his cross-examination, in giving a history of himself, stated that he had an office at the store of Taylor & Cranna, Front street, San Francisco, and referred to the members of that firm, as persons who knew him. The defendants, in rebuttal, called one Marshall as a witness, and proposed to prove by him the statements of Taylor & Cranna, to the effect that Koster had no office at their store. The plaintiff objected to the testimony as hearsay; but the court admitted it and the plaintiff excepted. That this testimony was mere hearsay, and therefore inadmissible, is incontrovertible. But it worked no injury to the plaintiff. The sole object of the testimony was to impeach the credibility of Koster, by showing that he had made a false statement, in respect to his having an office at Taylor & Cranna's store; and the witness Marshall testified that whilst Cranna stated that Koster had no office at their store, he also stated at the same time that Koster, several months before, had brought him a letter of introduc-

tion from his partner in New York, in which he was requested to aid Koster "in getting an office for him, and Mr. Cranna said that since that time Koster had stopped there off and on." He repeats this several times on his cross-examination, and states that Cranna said nothing disrespectful of Koster; and only that he knew nothing of him, until he brought the letter of introduction.

The whole of this testimony, taken together, tended in no degree to impeach Koster. It may not have been very accurate for him to say that he had his office at .Taylor and Cranna's; but when it is considered that he brought a letter of introduction to Cranna, requesting him to aid Koster in obtaining an office, and that from that time Koster "was off and on" there, and that Cranna said nothing to his prejudice, it is inconceivable that the mere inaccuracy of his expression, in saying that he had an office at this store, could have been held to impeach his credibility in any degree whatsoever.

If the court erred in refusing to permit the plaintiff to testify that he was acquitted of the charge of grand larceny, it was an error which could have done him no possible injury, inasmuch as the fact had already been fully established by other testimony, and there was no evidence whatever to the contrary.

It is unnecessary to notice. the other alleged errors of the court in the admission and exclusion of evidence, further than to say that I discover no error in these rulings.

Judgment affirmed.

We concur: Rhodes, C. J.; Wallace, J.; Temple, J.